**Slip Op. 00-80**

# UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: SENIOR JUDGE NICHOLAS TSOUCALAS

```
_____
                                      :
FAG KUGELFISCHER GEORG SCHÄFER AG,    :
FAG ITALIA S.p.A., BARDEN             :
CORPORATION (U.K.) LTD., FAG          :
BEARINGS CORPORATION and THE          :
BARDEN CORPORATION,                   :
                                      :
          Plaintiffs,                 :
                                      :
          v.                          :   Court No. 99-08-00465
                                      :
UNITED STATES,                        :
                                      :
          Defendant,                  :
                                      :
THE TORRINGTON COMPANY,               :
                                      :
          Defendant-Intervenor.       :
_____ :
```

Plaintiffs, FAG Kugelfischer Georg Schäfer AG, FAG Italia S.p.A., Barden Corporation (U.K.) Ltd., FAG Bearings Corporation and The Barden Corporation (collectively "FAG"), move pursuant to USCIT R. 56.2 for judgment upon the agency record challenging a finding of the United States Department of Commerce, International Trade Administration's ("Commerce") final determination, entitled <u>Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From France, Germany, Italy, Japan, Romania, Sweden, and the United Kingdom; Final Results of Antidumping Duty Administrative Reviews</u>, 64 Fed. Reg. 35,590 (July 1, 1999).

In particular, FAG argues that Commerce erred in using aggregate data of all foreign like products under consideration for normal value in calculating profit for constructed value ("CV") under 19 U.S.C. § 1677b(e)(2)(A) (1994). FAG asserts that if Commerce intends to calculate CV profit on such an aggregate basis, it must do so under the alternative methodology of § 1677b(e)(2)(B)(i).

Commerce responds that it properly calculated CV profit pursuant to § 1677b(e)(2)(A).  The Torrington Company agrees with Commerce's methodology for calculating CV profit.

**Held:** FAG's USCIT R. 56.2 motion is denied. Commerce's final determination is affirmed in all respects.

[FAG's motion is denied. Case dismissed.]

Dated: July 7, 2000

Grunfeld, Desiderio, Lebowitz & Silverman LLP (Max F. Schutzman, Andrew B. Schroth and Mark E. Pardo) for plaintiffs.

David W. Ogden, Acting Assistant Attorney General; David M. Cohen, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (Velta A. Melnbrencis, Assistant Director); of counsel: David R. Mason, Office of the Chief Counsel for Import Administration, United States Department of Commerce, for defendant.

Stewart and Stewart (Terence P. Stewart, Wesley K. Caine, Geert De Prest and Lane S. Hurewitz) for defendant-intervenor.

**OPINION**

**TSOUCALAS, Senior Judge:**  Plaintiffs, FAG Kugelfischer Georg Schäfer AG, FAG Italia S.p.A., Barden Corporation (U.K.) Ltd., FAG Bearings Corporation and The Barden Corporation (collectively "FAG"), move pursuant to USCIT R. 56.2 for judgment upon the agency record challenging a finding of the Department of Commerce, International Trade Administration's ("Commerce") final determination, entitled Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts

Thereof From France, Germany, Italy, Japan, Romania, Sweden,

and the United Kingdom; Final Results of Antidumping Duty

Administrative Reviews ("Final Results"), 64 Fed. Reg. 35,590

(July 1, 1999).


### BACKGROUND

This case concerns the ninth administrative review of

1989 antidumping duty orders on antifriction bearings (other

than tapered roller bearings) and parts thereof imported from

several countries, including Germany, Italy and the United

Kingdom, for the period of review covering May 1, 1997 through

April 30, 1998.  In accordance with 19 C.F.R. § 351.213

(1998), Commerce initiated the administrative reviews of these

orders on June 29, 1998, see Initiation of Antidumping and

Countervailing Duty Administrative Reviews and Request for

Revocation in Part, 63 Fed. Reg. 35,188, and published the

preliminary results of the subject reviews on February 23,

1999,[1] see Antifriction Bearings (Other Than Tapered Roller

Bearings) and Parts Thereof From France, Germany, Italy,

_____

[1]  Since the administrative review at issue was initiated
after December 31, 1994, the applicable law in this case is
the antidumping statute as amended by the Uruguay Round
Agreements Act, Pub. L. No. 103-465, 108 Stat. 4809 (1994)
(effective Jan. 1, 1995).

Japan, Romania, Singapore, Sweden, and the United Kingdom;

Preliminary Results of Antidumping Duty Administrative Reviews

and Partial Rescission of Administrative Reviews ("Preliminary

Results"), 64 Fed. Reg. 8790.  Commerce published the Final

Results on July 1, 1999.  See 64 Fed. Reg. at 35,590.


### JURISDICTION

The Court has jurisdiction over this matter pursuant to

19 U.S.C. § 1516a(a) (1994) and 28 U.S.C. § 1581(c) (1994).


### STANDARD OF REVIEW

In reviewing a challenge to Commerce's final

determination in an antidumping administrative review, the

Court will uphold Commerce's determination unless it is

"unsupported by substantial evidence on the record, or

otherwise not in accordance with law."  19 U.S.C.

§ 1516a(b)(1)(B)(i) (1994).

## DISCUSSION

I.  Commerce's CV Profit Calculation

A.  Background

For this review, Commerce used constructed value ("CV") as the basis for normal value ("NV") "when there were no usable sales of the foreign like product in the comparison market."  Preliminary Results, 64 Fed. Reg. at 8795.  Commerce calculated the profit component of CV using the statutorily preferred methodology of 19 U.S.C. § 1677b(e)(2)(A).[2]  See Final Results, 64 Fed. Reg. at 35,611.  In applying the preferred methodology for calculating CV profit, Commerce determined that "an aggregate calculation that encompasses all foreign like products under consideration for normal value represents a reasonable interpretation of [§ 1677b(e)(2)(A)]" and "the use of [such] aggregate data results in a reasonable and practical measure of profit that [Commerce] can apply consistently where there are sales of the foreign like product in the ordinary course of trade."  Id.

---

[2]  Specifically, in calculating constructed value, the statutorily preferred method is to calculate an amount for profit based on "the actual amounts incurred and realized by the specific exporter or producer being examined in the investigation or review . . . in connection with the production and sale of a foreign like product [made] in the ordinary course of trade, for consumption in the foreign country."  19 U.S.C. § 1677b(e)(2)(A) (1994).

**B.    Contentions of the Parties**

FAG argues that Commerce's use of aggregate data encompassing all foreign like products under consideration for NV in calculating CV profit is contrary to § 1677b(e)(2)(A) and to the explicit hierarchy established by § 1677(16) for selecting "foreign like product" for the CV profit calculation.  See Pls.' Br. Supp. Mot. J. Agency R. at 2, 4-10; Pls.' Reply Br. at 2-8.  FAG asserts that if Commerce intends to calculate CV profit on such an aggregate basis, it must do so under the alternative methodology of § 1677b(e)(2)(B)(i).  See Pls.' Br. Supp. Mot. J. Agency R. at 9-10.

Commerce responds that it properly calculated CV profit pursuant to § 1677b(e)(2)(A) based on aggregate profit data of all foreign like products under consideration for NV.  See Def.'s Mem. in Opp'n to Pls.' Mot. J. Agency R. at 3-26.  The Torrington Company agrees with Commerce's CV profit calculation.  See Torrington's Resp. to Pls.' Mot. J. Agency R. at 5-13.

**C.    Analysis**

In <u>RHP Bearings Ltd. v. United States</u>, 23 CIT __, 83 F. Supp. 2d 1322 (1999), this Court upheld Commerce's CV profit methodology of using aggregate data of all foreign like products under consideration for NV as being consistent with the antidumping statute.  <u>See id.</u> at ___, 83 F. Supp. 2d at 1336.  Since FAG's arguments and the CV profit methodology at issue in this case are practically identical to those presented in <u>RHP Bearings</u>, the Court adheres to its reasoning in <u>RHP Bearings</u> and, therefore, finds that Commerce's CV profit methodology is in accordance with law.

**CONCLUSION**

For the foregoing reasons,  Commerce's final determination is affirmed in all respects.  Case is dismissed.

_____
                           NICHOLAS TSOUCALAS
                           SENIOR JUDGE


Dated:    July 7, 2000
          New York, New York